BRIAN T. DUNN, ESQ. (SBN 176502)
MEGAN R. GYONGYOS, ESQ. (SBN 285476)
THE COCHRAN FIRM CALIFORNIA
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone: (323) 435-8205
Facsimile: (323) 282-5280
bdunn@cochranfirm.com
mgyongyos@cochranfirm.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.B., a minor, as Successor in Interest to DAVID LEE BROWN, deceased, by and through his Guardian Ad Litem, ANGELA CARUSO, and M.B., a minor, individually, by and through her Guardian Ad Litem, ANGELA CARUSO, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF SAN DIEGO, a municipal entity, DEPUTY ADRIAN MOSES, an individual, and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO.:  '14CV0072 JAH KSC <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **Violations of Civil Rights (42 U.S.C. § 1983)** <br><br> 2. **Wrongful Death (Cal. Government Code §§ 815.2(a), 820(a); Cal. Civil Code § 43)** <br><br> **DEMAND FOR JURY TRIAL** |

1

# JURISDICTION AND VENUE

1. Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1367(a).

2. Venue is proper in the Southern District of California under 28 U.S.C. § 1391(a)-(b).

# PARTIES

3. At all relevant times herein, Plaintiff S.B., a minor, was and is a resident of Hernando County, State of Florida. Plaintiff S.B. is the surviving biological son of decedent DAVID LEE BROWN. Plaintiff S.B. brings this action by and through his mother and Guardian Ad Litem, ANGELA CARUSO.

4. Plaintiff S.B. is the Successor in Interest to decedent DAVID LEE BROWN, and is entitled to bring certain causes of action herein alleged pursuant to § 377.30 of the California Code of Civil Procedure. (Attached herein is a declaration designating S.B. as the Successor in Interest to DAVID LEE BROWN, and a true and correct copy of the death certificate for DAVID LEE BROWN, furnished herewith pursuant to § 377.32 of the California Code of Civil Procedure.)

5. At all relevant times herein, Plaintiff M.B., a minor, was and is a resident of Hernando County, State of Florida. Plaintiff M.B. is the surviving biological daughter of decedent DAVID LEE BROWN. Plaintiff M.B. brings this action by and through her mother and Guardian Ad Litem, ANGELA CARUSO.

6. Defendant COUNTY OF SAN DIEGO (hereinafter "COUNTY") is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

7. Plaintiffs are informed and believe, and thereon allege, that Defendant DEPUTY ADRIAN MOSES (hereinafter "DEPUTY MOSES") is, and at all relevant times mentioned herein was, a resident of the County of San Diego and State of California. Further, at all times relevant to the acts and omissions

herein alleged, DEPUTY MOSES was a deputy sheriff employed by the Defendant COUNTY and the San Diego County Sheriff's Department, and was acting under color of law and in the course and scope of his employment with the Defendant COUNTY and the San Diego County Sheriff's Department.

8. Plaintiffs are unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiffs will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to them. Plaintiffs are informed, believe, and thereon allege that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiffs will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

9. Each of the individual Defendants sued herein is sued both in his individual and personal capacity, as well as in his official capacity.

10. Plaintiffs are informed, believe, and thereon allege that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

///
///
///
///

# FACTS COMMON TO ALL COUNTS

11. This Complaint concerns a fatal deputy involved shooting which occurred during the evening hours of Saturday, August 24, 2013, at or around the 500 block of Charlotte Drive, in the City of San Marcos and County of San Diego. At approximately 5:45 p.m. on that date, Plaintiffs' decedent, DAVID LEE BROWN, was lawfully inside of his residence when Defendant DEPUTY MOSES, while acting under color of law and in the course and scope of his employment with the Defendant COUNTY and the San Diego County Sheriff's Department, violently confronted and unjustifiably detained DAVID LEE BROWN without having probable cause or reasonable suspicion to believe that DAVID LEE BROWN had committed any crime, or would commit a crime in the future.

12. Without warning, Defendant DEPUTY MOSES proceeded to assault and batter DAVID LEE BROWN by acts which included, but were not limited to, repeatedly and unjustifiably discharging his department issued firearm at the person of DAVID LEE BROWN, inflicting several gunshot wounds, which proved to be fatal. After surviving for an appreciable period of time, DAVID LEE BROWN died as a direct and proximate result of the gunshot wounds inflicted upon his person by DEPUTY MOSES.

13. At no time during the course of these events did DAVID LEE BROWN pose any reasonable or credible threat of violence to the involved deputies, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally shot, DAVID LEE BROWN posed no reasonable threat of violence to Defendant DEPUTY MOSES, nor to any other deputy or individual. Both prior to and during the time in which he was shot dead, DAVID LEE BROWN made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable sheriff's deputy that he had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which DEPUTY MOSES shot and killed

4

DAVID LEE BROWN, DEPUTY MOSES, who fired, was not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that DAVID LEE BROWN posed the risk of death, or serious bodily injury to any person.

## FOR THE FIRST CAUSE OF ACTION

**(By Plaintiff S.B., a Minor, as Successor in Interest to DAVID LEE BROWN, Deceased, by and through His Guardian Ad Litem, ANGELA CARUSO, Against Defendant DEPUTY ADRIAN MOSES for Violations of Civil Rights [42 U.S.C. § 1983])**

14. Plaintiffs restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

15. This cause of action is brought on behalf of decedent DAVID LEE BROWN, by and through his Successor in Interest, Plaintiff S.B., who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to DAVID LEE BROWN by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

16. Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, the Defendant COUNTY employed Defendant DEPUTY MOSES. The COUNTY provided DEPUTY MOSES with an official badge and identification card which designated and described DEPUTY MOSES as an employee of the COUNTY and the San Diego County Sheriff's Department.

17. Plaintiffs are informed and believe, and thereon allege, that at all times relevant to the acts and omissions herein alleged, Defendant DEPUTY MOSES was employed by the Defendant COUNTY and the San Diego County Sheriff's Department, and was acting under color of law and in the course and scope of his employment with the COUNTY and the San Diego County Sheriff's Department.

18. At approximately 5:45 p.m. on Saturday, August 24, 2013, Plaintiffs' decedent, DAVID LEE BROWN, was lawfully inside his residence located at or around the 500 block of Charlotte Drive in the City of San Marcos and County of San Diego when Defendant DEPUTY MOSES, while acting under color of law and in the course and scope of his employment with the Defendant COUNTY and the San Diego County Sheriff's Department, violently confronted and unjustifiably detained DAVID LEE BROWN without having probable cause or reasonable suspicion to believe that DAVID LEE BROWN had committed any crime, or would commit a crime in the future.

19. Without warning, Defendant DEPUTY MOSES proceeded to assault and batter DAVID LEE BROWN by acts which included, but were not limited to, repeatedly and unjustifiably discharging his department issued firearm at the person of DAVID LEE BROWN, inflicting several gunshot wounds, which proved to be fatal. After surviving for an appreciable period of time, DAVID LEE BROWN died as a direct and proximate result of the gunshot wounds inflicted upon his person by DEPUTY MOSES.

20. At no time during the course of these events did DAVID LEE BROWN pose any reasonable or credible threat of violence to the involved deputies, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally shot, DAVID LEE BROWN posed no reasonable threat of violence to Defendant DEPUTY MOSES, nor to any other deputy or individual. Both prior to and during the time in which he was shot dead, DAVID LEE BROWN made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable sheriff's deputy that he had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which DEPUTY MOSES shot and killed DAVID LEE BROWN, DEPUTY MOSES, who fired, was not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that DAVID LEE BROWN posed the risk of death, or serious bodily injury to any

6

person.

21. At all times mentioned herein, Defendant DEPUTY MOSES acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and the Defendant COUNTY. DEPUTY MOSES deprived Plaintiffs' decedent, DAVID LEE BROWN, of the rights, privileges, and/or immunities secured to him by the Fourth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

22. Plaintiffs' decedent, DAVID LEE BROWN, had the right to be free from unreasonable governmental seizures of his person, a right which was secured to DAVID LEE BROWN by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of Defendant DEPUTY MOSES, which proximately caused the death of DAVID LEE BROWN.

23. Plaintiffs are informed and believe, and thereupon allege, that in unreasonably seizing the person of Plaintiffs' decedent, DAVID LEE BROWN, as described in the foregoing paragraphs of this Complaint, Defendant DEPUTY MOSES acted outside the scope of his jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of his acts and omissions, and purposefully with the intent to deprive DAVID LEE BROWN of his federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against DEPUTY MOSES in an amount to be proven at the trial of this matter.

24. As a direct and proximate result of the wrongful, intentional, and malicious acts and omission of Defendant DEPUTY MOSES, Plaintiffs' decedent, DAVID LEE BROWN, suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity,

COMPLAINT FOR DAMAGES

embarrassment, and apprehension prior to his death, all to his damage in a sum to be determined at trial.

25. Plaintiff S.B. is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## FOR THE SECOND CAUSE OF ACTION

**(By All Plaintiffs Against All Defendants for Wrongful Death [Cal. Government Code §§ 815.2(a), 820(a); Cal. Civil Code § 43])**

26. Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

27. All claims asserted herein against the Defendant COUNTY are presented pursuant to the COUNTY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a), as well as California Civil Code § 43.

28. At approximately 5:45 p.m. on Saturday, August 24, 2013, Plaintiffs' decedent, DAVID LEE BROWN, was lawfully inside his residence located at or around the 500 block of Charlotte Drive in the City of San Marcos and County of San Diego when Defendant DEPUTY MOSES, while acting under color of law and in the course and scope of his employment with the Defendant COUNTY and the San Diego County Sheriff's Department, violently confronted and unjustifiably detained DAVID LEE BROWN without having probable cause or reasonable suspicion to believe that DAVID LEE BROWN had committed any crime, or would commit a crime in the future.

29. Without warning, Defendant DEPUTY MOSES proceeded to assault and batter DAVID LEE BROWN by acts which included, but were not limited to, repeatedly and unjustifiably discharging his department issued firearm at the person of DAVID LEE BROWN, inflicting several gunshot wounds, which proved to be fatal. After surviving for an appreciable period of time, DAVID LEE

8

BROWN died as a direct and proximate result of the gunshot wounds inflicted upon his person by DEPUTY MOSES.

30. At no time during the course of these events did DAVID LEE BROWN pose any reasonable or credible threat of violence to the involved deputies, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally shot, DAVID LEE BROWN posed no reasonable threat of violence to Defendant DEPUTY MOSES, nor to any other deputy or individual. Both prior to and during the time in which he was shot dead, DAVID LEE BROWN made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable sheriff's deputy that he had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which DEPUTY MOSES shot and killed DAVID LEE BROWN, DEPUTY MOSES, who fired, was not faced with any circumstances which would have led a reasonable sheriff's deputy to believe that DAVID LEE BROWN posed the risk of death, or serious bodily injury to any person.

31. Plaintiffs are informed and believe, and thereupon allege, that on and before August 24, 2013, Defendant DEPUTY MOSES had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the use of deadly force, and had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the execution of police tactics and police procedures in approaching and/or attempting to detain emotionally and/or mentally unstable suspects. Notwithstanding each of these duties, Defendant DEPUTY MOSES failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently detaining Plaintiffs' decedent, DAVID LEE BROWN, without having probable cause or reasonable suspicion to believe that DAVID LEE BROWN had committed a crime, or would commit a crime in

the future, negligently failing to determine the fact that DAVID LEE BROWN posed no threat of physical harm to any person when he was shot and killed, negligently inflicting physical injury upon DAVID LEE BROWN, as described herein, and negligently employing deadly force against DAVID LEE BROWN when the same was unnecessary and unlawful. All of these negligent acts proximately caused DAVID LEE BROWN'S death on August 24, 2013.

32. Plaintiffs are informed and believe, and thereupon allege, that on and before August 24, 2013, individual employees of the Defendant COUNTY and the San Diego County Sheriff's Department, including DOES 1 through 10, who were responsible for hiring and supervising Defendant DEPUTY MOSES, while acting within the course and scope of their employment with the Defendant COUNTY and the San Diego County Sheriff's Department, negligently hired, trained, supervised, employed, and/or managed DEPUTY MOSES, in that they knew, or in the exercise of reasonable diligence should have known, that DEPUTY MOSES was a dangerous and violent employee, prone to fire his firearm without reasonable justification, and in a manner that would demonstrate callous disregard for the rights and safety of civilian citizens, and to assault and batter persons and/or use unnecessary, unreasonable, deadly, and/or unlawful physical force without reasonable justification. All of these negligent acts proximately caused DAVID LEE BROWN'S death on August 24, 2013.

33. Plaintiffs are further informed and believe, and thereupon allege, that on and before August 24, 2013, individual employees of the Defendant COUNTY and the San Diego County Sheriff's Department, including DOES 1 through 10, who were responsible for hiring, training, and supervising San Diego County Sheriff's Department deputies, including Defendant DEPUTY MOSES, while acting within the course and scope of their employment with the Defendant COUNTY and the San Diego County Sheriff's Department, failed to exercise reasonable and ordinary care in the training and supervision of patrol deputies, including DEPUTY MOSES, with regard to the reasonableness, safety, and

COMPLAINT FOR DAMAGES

constitutionality of the use of deadly force against civilians; negligently failed to properly train and supervise patrol deputies, including DEPUTY MOSES, concerning the reasonableness, safety, and constitutionality of the use of deadly force, and in the use of force as it relates to using excessive force; negligently failed to properly train and supervise patrol deputies, including DEPUTY MOSES, with respect to unjustifiably using deadly force against non-dangerous civilians; inadequately trained and supervised patrol deputies, including DEPUTY MOSES, with respect to the reasonable and proper use of deadly force; and inadequately trained and supervised patrol deputies, including DEPUTY MOSES, with respect to the reasonable and proper police procedures for the arrest and detention of emotionally and/or mentally unstable suspects. Despite having the means and the ability to properly train such deputies, and despite having notice and knowledge of the need to properly train such deputies, individual employees of the Defendant COUNTY and the San Diego County Sheriff's Department, including DOES through 10, failed to do so. All of these negligent acts proximately caused DAVID LEE BROWN'S death on August 24, 2013.

34. As a proximate result of all of the above-mentioned conduct of the Defendants, and each of them, DAVID LEE BROWN was shot and killed on August 24, 2013.

35. As a direct and proximate result of the death of decedent DAVID LEE BROWN and the above-described conduct of the Defendants, and each of them, DAVID LEE BROWN'S heirs, the Plaintiffs herein, have sustained substantial economic damages and non-economic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, guidance, services, earnings, and support of DAVID LEE BROWN in an amount according to proof at trial.

///
///
///

11

COMPLAINT FOR DAMAGES

36. As a further proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of DAVID LEE BROWN, Plaintiffs have incurred funeral and burial expenses in an amount according to proof at trial.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

1. For burial and funeral related expenses according to proof at trial;
2. For general damages in an amount according to proof at trial;
3. For medical and related expenses according to proof at trial;
4. For costs of suit incurred herein;
5. For attorneys' fees incurred herein, as provided by law;
6. For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and
7. For such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiffs hereby demand that a jury be empaneled for the trial of this matter.

DATED: January 3, 2014

Respectfully submitted,

**THE COCHRAN FIRM CALIFORNIA**

By: s/ Brian T. Dunn
BRIAN T. DUNN
MEGAN R. GYONGYOS
Attorneys for Plaintiffs
Email: bdunn@cochranfirm.com
Email: mgyongyos@cochranfirm.com

COMPLAINT FOR DAMAGES

# COUNTY OF SAN DIEGO
## CERTIFICATE OF DEATH

STATE FILE NUMBER: 3052013161403
LOCAL REGISTRATION NUMBER: 3201337013985

**1. NAME OF DECEDENT – FIRST:** DAVID
**2. MIDDLE:** LEE
**3. LAST (Family):** BROWN

**4. DATE OF BIRTH:** 1968
**5. AGE:** 44
**6. SEX:** M

**9. BIRTH STATE/FOREIGN COUNTRY:** OHIO
**10. SOCIAL SECURITY NUMBER:** -9338
**11. EVER IN U.S. ARMED FORCES?:** NO
**12. MARITAL STATUS:** DIVORCED
**7. DATE OF DEATH:** 08/24/2013
**8. HOUR:** 1900

**13. EDUCATION:** HS GRADUATE
**14/15. HISPANIC:** NO
**16. DECEDENT'S RACE:** WHITE

**17. USUAL OCCUPATION:** NEVER WORKED

**20. DECEDENT'S RESIDENCE:** 524 CHARLOTTE DR
**21. CITY:** SAN MARCOS
**22. COUNTY:** SAN DIEGO
**23. ZIP CODE:** 92069
**24. YEARS IN COUNTY:** 1
**25. STATE:** CA

**26. INFORMANT'S NAME/RELATIONSHIP:** ROBERT BROWN, FATHER
**27. INFORMANT'S MAILING ADDRESS:** 875 GULLEY RD, HOWELL, MI 48843

**31. NAME OF FATHER/PARENT – FIRST:** ROBERT
**32. MIDDLE:** DALE
**33. LAST (BIRTH NAME):** BROWN
**34. BIRTH STATE:** OHIO

**35. NAME OF MOTHER/PARENT – FIRST:** BEVERLY
**36. MIDDLE:** ANNE
**37. LAST (BIRTH NAME):** NICHOLS
**38. BIRTH STATE:** OHIO

**39. DISPOSITION DATE:** 08/30/2013
**40. PLACE OF FINAL DISPOSITION:** RESIDENCE OF ROBERT BROWN, 875 GULLEY RD, HOWELL, MI 48843
**41. TYPE OF DISPOSITION(S):** CR/TR/RES
**42. SIGNATURE OF EMBALMER:** NOT EMBALMED
**44. NAME OF FUNERAL ESTABLISHMENT:** BAYVIEW CREMATORY AND BURIAL SERVICES
**45. LICENSE NUMBER:** FD1424
**46. SIGNATURE OF LOCAL REGISTRAR:** WILMA WOOTEN, MD
**48. DATE:** 08/28/2013

**101. PLACE OF DEATH:** HOME
**104. COUNTY:** SAN DIEGO
**105. FACILITY ADDRESS OR LOCATION WHERE FOUND:** 524 CHARLOTTE DRIVE
**106. CITY:** SAN MARCOS

**107. CAUSE OF DEATH:**
(A) IMMEDIATE CAUSE: MULTIPLE GUNSHOT WOUNDS

Time Interval: RAPID
Death Reported to Coroner: YES
Coroner Number: 13-01948
Biopsy Performed: NO
Autopsy Performed: YES
Used in Determining Cause: YES

**112. OTHER SIGNIFICANT CONDITIONS:** NONE
**113. WAS OPERATION PERFORMED:** NO

**119. MANNER OF DEATH:** Homicide
**120. INJURED AT WORK:** NO
**121. INJURY DATE:** 08/24/2013
**122. HOUR:** 1811
**123. PLACE OF INJURY:** HOME
**124. DESCRIBE HOW INJURY OCCURRED:** SHOT BY ON-DUTY LAW ENFORCEMENT DEPUTY
**125. LOCATION OF INJURY:** 524 CHARLOTTE DRIVE, SAN MARCOS, CA 92069

**126. SIGNATURE OF CORONER / DEPUTY CORONER:** BETHANN SCHABER
**127. DATE:** 08/27/2013
**128. TYPE NAME, TITLE OF CORONER:** BETHANN SCHABER, MD, DME

*A002662090*

County of San Diego – Health & Human Services Agency – 3851 Rosecrans Street. This is to certify that, if bearing the OFFICIAL SEAL OF THE STATE OF CALIFORNIA, the OFFICIAL SEAL OF SAN DIEGO COUNTY AND THEIR DEPARTMENT OF HEALTH SERVICES EMBOSSED SEAL, this is a true copy of the ORIGINAL DOCUMENT FILED. Required fee paid.

DATE ISSUED: December 13, 2013

WILMA J. WOOTEN, MD
REGISTRAR OF VITAL RECORDS
County of San Diego

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.



# DECLARATION OF ANGELA CARUSO

1. The decedent's name who is the subject of this action for civil rights violations and wrongful death is DAVID LEE BROWN.

2. On August 24, 2013, DAVID LEE BROWN was killed in a deputy involved shooting incident that occurred at or around the 500 block of Charlotte Drive, in the City of San Marcos, County of San Diego, and State of California.

3. No proceeding is now pending in California for the administration of the decedent's estate.

4. I am the mother of a minor child of the decedent, who is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the within action.

5. No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: 10-20-2013

ANGELA CARUSO, declarant